CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 0 4 2006

JOHN F. CORCORAN, CLERK
BY:
          DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL RUNNINGWOLF-WHITE, <br>     Plaintiff, | Civil Action No. 7:05CV00785 |
| v. | **MEMORANDUM OPINION** |
| A. DAVID ROBINSON, et al., <br>     Defendants. | By Hon. Glen E. Conrad <br> United States District Judge |

The plaintiff, Michael Runningwolf-White, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed the complaint, the court concludes that the plaintiff has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1).[1]

## Background

The plaintiff is presently incarcerated at Wallens Ridge State Prison. The plaintiff alleges that on September 22, 2005, Native American religious artifacts were removed from his medicine bag and discarded by a prison employee. The plaintiff filed a grievance regarding the missing property. A. David Robinson, the prison's warden, determined that the plaintiff's grievance was founded, and that the plaintiff should be reimbursed for the missing property. The plaintiff alleges that he was offered an award of $9.99.

In his present complaint, the plaintiff contends that Robinson and the assistant warden, Mr. Harvey, acted negligently when they investigated his grievance. He seeks monetary damages in the amount of $1,000.00 from each defendant "for the loss/destruction of unreplaceable

---

[1] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted.

religious items."

## Discussion

In order to state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Having reviewed the plaintiff's allegations, the court concludes that the plaintiff has failed to allege facts sufficient to establish a violation of his constitutional rights.

1. Deprivation of Property

To the extent that the plaintiff seeks to challenge the deprivation of his personal property, the plaintiff's allegations are without merit. The intentional or negligent deprivation of personal property by a prison employee acting outside the scope of official policy or custom does not rise to the level of a constitutional violation, so long as the state provides an adequate post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527, 545 (1981). Given that the deprivation of property is unauthorized, it would be impracticable for the state to provide a pre-deprivation hearing or other process. Hudson, 468 U.S. 517 (1984). Therefore, an adequate post-deprivation remedy, such as a prison grievance procedure or a state tort claim, suffices. Id. In this case, it is clear that the plaintiff made use of available post-deprivation remedies, as evidenced by his successful grievance. Furthermore, other state law remedies, including the Virginia Tort Claims Act, were available to the plaintiff as a means to seek compensation for his missing property. See Wadhams v. Procunier, 772 F.2d 75, 77-78 (4th Cir. 1985); Ballance v. Young, 130 F.Supp.2d 762, 767 (W.D. Va. 2000).

Accordingly, inasmuch as the plaintiff had adequate state remedies, the deprivation of his personal property did not rise to the level of a constitutional violation.

2. <u>Negligent Investigation</u>

The plaintiff also alleges that the defendants negligently investigated his grievance regarding the missing property. However, it is well established that mere negligence is not actionable under § 1983. <u>See</u> <u>Daniels v. Williams</u>, 474 U.S. 327, 336 (1986). Moreover, because prisoners have no constitutional right to participate in grievance proceedings, <u>Adams v. Rice</u>, 40 F.3d 72, 75 (4th Cir. 1994), the manner in which a grievance is investigated does not give rise to a § 1983 claim.

For the reasons stated, the plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

ENTER: This 4th day of January, 2006.

_____
United States District Judge